**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. RAMIREZ, | CASE NO. 1:06-cv-00740-AWI-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| DR. PHAM, et al., | (Doc. 1) |
| Defendants. | |

I.  Screening Order

    A.  Screening Requirement

Plaintiff George A. Ramirez ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 13, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

---

[1] Plaintiff was incarcerated at the time he filed suit.

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).
3      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
4  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
5  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
6  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
7  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
8  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only
9  if it is clear that no relief could be granted under any set of facts that could be proved consistent with
10 the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether
11 the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of
12 the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,
13 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also
14 Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the
15 opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.
16 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."
17 Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights
18 complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l
19 Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d
20 266, 268 (9th Cir. 1982)).
21     B.    Plaintiff's Claims
22     Plaintiff is a former inmate who was housed at Wasco State Prison (WSP) at the time of the
23 events at issue in this action. The defendants named in this action are Dr. Pham at WSP, the Warden
24 of WSP, the Director of the California Department of Corrections and Rehabilitation, and Dr. Hau
25 ///
26 ///
27
28

Hsien Chang with Mercy Hospital. Plaintiff is seeking money damages.[2] The claims in this action arise from the medical treatment plaintiff was provided while at WSP.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff's claims involve his medical care and therefore fall within the purview of the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment,

---

[2] Plaintiff also states he is seeking unspecified injunctive relief. However, when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Plaintiff is no longer incarcerated. Therefore, this action shall proceed as one for damages only.

3

1  prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v.
2  Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise
3  to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner
4  of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with
5  deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)
6  (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official
7  does not act in a deliberately indifferent manner unless the official "knows of and disregards an
8  excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate
9  indifference may be manifested "when prison officials deny, delay or intentionally interfere with
10 medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin
11 v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v.
12 Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in
13 receiving medical treatment, the delay must have led to further harm in order for the prisoner to
14 make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060
15 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

16      Plaintiff alleges that he was received at the WSP Reception Center on July 17, 2004. In
17 August of 2004, plaintiff began having problems urinating. It took him several minutes to urinate
18 and it was painful. Plaintiff saw Dr. Pham on August 30, 2004, and reported the problem. Dr. Pham
19 noted on plaintiff's chart that he was referring plaintiff to a urologist and prescribed plaintiff his
20 regular blood pressure medication. Plaintiff again saw Dr. Pham on October 13, 2004, and Dr. Pham
21 noted plaintiff's urethral secretion problems in the chart.

22      On October 14, 2004, plaintiff was seen by Dr. Newton for a mental health examination. Dr.
23 Newton initiated the paperwork to get plaintiff taken to the hospital immediately when plaintiff
24 reported his problems with urination. Dr. Lee examined plaintiff and determined that surgery was
25 not necessary. Dr. Lee told plaintiff to drink lots of water and reported his recommendations to Dr.
26 Pham, who prescribed an ointment for plaintiff. Plaintiff alleges the ointment did not alleviate the
27 problem and the pain during urination became unbearable. Plaintiff alleges he continued to inform
28 ///

4

the nurse who administered his blood pressure medication and again sought out Dr. Newton, who informed medical staff. Plaintiff alleges he was then scheduled for surgery.

On December 22, 2004, plaintiff was taken to Mercy Hospital where surgery was performed by Dr. Chang. Plaintiff alleges that upon his return to prison, Dr. Pham prescribed post-operative medications but no pain medication. Plaintiff alleges that the pain during urination was unbearable and he requested to see a doctor per the discharge instructions.

Plaintiff alleges that while waiting to see a doctor, he was transferred to California State Prison-Los Angeles County. Upon arrival, plaintiff's medication was confiscated. Two weeks later, plaintiff's blood pressure medication was re-prescribed but his medication for his urinary problem was not. Plaintiff alleges that he was seen by doctors numerous times but they ignored his complaints regarding his urinary problems.

Plaintiff alleges that he attempted to appeal the problem but his appeal was rejected due to time constraints. Plaintiff alleges that doctors at CSP-LAC kept telling him the urinary issue was not CSP-LAC's problem. Plaintiff was subsequently transferred to Avenal State Prison, where he alleges he continued to suffer intense pain while urinating and his urine was sometimes purplish in color, possible from blood.

Plaintiff is attempting to impose liability under section 1983 against Drs. Pham and Chang, the WSP Warden, and the CDCR Director. In order to state a claim under section 1983, plaintiff must allege facts sufficient to support a claim that each named defendant "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." <u>Farmer</u>, 511 U.S. at 837. Plaintiff has sufficiently alleged that he suffered from a serious medical problem and that he suffered prolonged pain as a result of the problem. However, plaintiff's allegations do not demonstrate that Drs. Pham and Chang acted with deliberate indifference to the problem. Disagreement with the course of treatment prescribed by Dr. Pham does not support a claim for relief under section 1983. <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981). Dr. Chang performed the surgery at the hospital and plaintiff alleges that the surgery obviously did not work. This is an insufficient basis upon which to impose liability for negligence, let alone for deliberate indifference in violation of the Eighth Amendment. Plaintiff fails to state a claim for relief against either Dr. Pham or Dr. Chang.

Finally, there are no allegations relating to the Warden or the Director. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993). Because there are no allegations set forth concerning either defendant, plaintiff fails to state a claim against the Warden or the Director.

### C. Conclusion

The court finds that plaintiff's complaint does not state any claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint

1 supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once
2 plaintiff files an amended complaint, the original pleading no longer serves any function in the case.
3 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
4 of each defendant must be sufficiently alleged.

     Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:**    **February 26, 2007**             /s/ Sandra M. Snyder
icido3                                           UNITED STATES MAGISTRATE JUDGE