# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. RAMIREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. PHAM, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-00740-LJO-SMS PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (Doc. 15)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM (Docs. 13 and 14)<br><br>ORDER THAT THIS DISMISSAL SHALL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

Plaintiff George A. Ramirez ("plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On March 29, 2007, the Magistrate Judge filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to plaintiff that any objection to the Findings and Recommendations was to be filed within thirty days. On April 20, 2007, plaintiff filed a Motion Seeking the Appointment of Counsel and on April 23, 2007, plaintiff filed an Objection to the Findings and Recommendations.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional

1  circumstances the Court may request the voluntary assistance of counsel pursuant to section
2  1915(e)(1).  Rand, 113 F.3d at 1525.
3       Without a reasonable method of securing and compensating counsel, the Court will seek
4  volunteer counsel only in the most serious and exceptional cases.  In determining whether
5  "exceptional circumstances exist, the district court must evaluate both the likelihood of success of
6  the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity
7  of the legal issues involved."  Id. (internal quotation marks and citations omitted).
8       In the present case, the Court does not find the required exceptional circumstances.  Even if
9  it is assumed that plaintiff is not well versed in the law and that he has made serious allegations
10 which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with
11 similar cases almost daily.  In this instance, plaintiff's amended complaint fails to state any claims
12 upon which relief may be granted under section 1983.  Therefore, plaintiff is not likely to succeed
13 on the merits, and based on a review of the record in this case, the Court does not find that plaintiff
14 cannot adequately articulate his claims.  Id.
15      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this
16 Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the
17 Court finds the Findings and Recommendations to be supported by the record and by proper analysis.
18      Accordingly, IT IS HEREBY ORDERED that:
19      1.    Plaintiff's motion for the appointment of counsel, filed April 20, 2007, is DENIED;
20      2.    The Findings and Recommendations, filed March 29, 2007, is adopted in full;
21      3.    That this action is dismissed, with prejudice, for failure to state a claim under section
22           1983; and
23      4.    This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).
24
25 IT IS SO ORDERED.
26 **Dated:   July 6, 2007**          /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE
27
28